**In the Matter of Anthony KOSTOGLOU, aka Tony Kostoglou, dba Kost Realty, aka Auto Plaza, aka Kostoglou Well No. 1, aka Cretan Insurance Company, and Bess Kostoglou, aka Bessie Kostoglou, Debtors.**

**No. B85–00601–Y.**

United States Bankruptcy Court, N.D. Ohio.

April 8, 1987.

Mark Schlachet, Cleveland, Ohio, for debtors.

William J. Kopp, Asst. U.S. Atty., Cleveland, Ohio, for U.S. I.R.S.

## MEMORANDUM OPINION

WILLIAM T. BODOH, Bankruptcy Judge.

This cause came on for consideration upon the Objection of Debtors, ANTHONY and BESS KOSTOGLOU, to the claim of THE UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE (IRS). This is a contested matter under Bankruptcy Rule 9012. Motions for Summary Judgment have accordingly been filed by the Debtors and by THE INTERNAL REVENUE SERVICE.

The factual background of this case is not in dispute. Debtors filed a Petition for Relief under Chapter 11 of the Bankruptcy Code on July 1, 1985. The IRS was listed as a priority creditor in the amount of Thirty-Six Thousand, Four Hundred & 00/100 Dollars ($36,400.00), as a secured creditor in the cumulative amount of Five Hundred Fifty-Two Thousand, Five Hundred Fourteen & 00/100 Dollars ($552,-514.00), and as an unsecured creditor to the extent that the claim of the IRS exceeded the value of the property to which the IRS had attached its liens.

The IRS filed a Proof of Claim in the amount of Seven Hundred Forty-Three Thousand, Three Hundred Sixty-Eight & 00/100 Dollars ($743,368.00) on November 5, 1985. Among the components of the claim were alleged audit deficiencies owing for tax years 1978, 1979, and 1981, in the approximate amount, including interest and penalties, of Sixty-Nine Thousand & 00/100 Dollars ($69,000.00). On June 6, 1986, Debtors filed an Objection to the claim of the IRS. The basis for the Objection was two-fold. First, the Debtors objected to any part of the claim being treated as a debt entitled to priority under 11 U.S.C. Sec. 507(a)(7)(A)(ii) because no part of the claim was assessed within the 240–day period preceeding the filing of the Petition. Secondly, to the extent that the Court were to find that any portion of the claim was entitled to priority, the Debtors disputed the amount so found as having been predicated on an erroneous audit.

On December 11, 1986, the IRS filed a Motion for Summary Judgment. The Motion alleged that the IRS was entitled to summary judgment on the priority issue since the audit deficiencies for the tax years 1978, 1979, and 1981 were assessed on November 12, 1984, which date was within 240 days before the Petition date. On January 30, 1987, Debtors filed a competing Motion for Summary Judgment, seeking a determination that the audit deficiencies were, in fact, assessed earlier than November 12, 1984, outside of the 240–day priority period. The dispositive factor in ruling on the Motions for Summary Judgment is, therefore, the assessment date of the audit deficiencies. The validity of the amounts discussed is not currently before the Court.

## LAW

11 U.S.C. Sec. 507(a)(7)(A)(ii) provides that taxes assessed within 240 days before the filing of a Petition under Title 11 are entitled to priority. 26 U.S.C. Sec. 6203 provides that:

> the assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with the rules and regulations prescribed by the Secretary.

The regulations prescribed by the Secretary in regards to assessments provides that:

> the assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. The amount of the assessment shall, in the case of tax shown on a return by the taxpayer, be the amount so shown, and in all other cases, the amount of the assessment shall be the amount shown on the supporting list or record. *The date of the assessment is the date the summary record is signed by an assessment officer.* (Emphasis added).

26 C.F.R. Sec. 301.6203–1.

The Court agrees with the IRS in its argument that the Court need only deter-

mine the date on which the summary record was signed by an assessment officer in this case in order to determine the date of the assessment. An examination of the assessment certificate (Summary Record of Assessments, Form 23C) shows that the Summary Record was signed by an assessment officer on November 12, 1984, which date was clearly within 240 days before the Petition date. The audit deficiencies for tax years 1978, 1979, and 1981, to the extent that they are later determined to be valid as to amounts, are, thus, entitled to priority treatment in this case.

The Debtors argue that the assessment occurred when the assessment information was either put into the IRS's automatic data processing system or when the IRS integrated data retrieval system records were generated. However, the statute and regulations promulgated thereunder are clear on their face and the actual date of signing by the assessment officer is beyond dispute. Debtors argue that if they had notice of the assessment, they would have acted differently as regards the filing of this case and that lack of notice, inherent in the IRS assessment procedure, is fundamentally unfair. Changes in the statute or regulations establishing that procedure are beyond the scope of these proceedings.

There being no issue of material fact, and upon a finding that the IRS is entitled to judgment as a matter of law, the Court will enter summary judgment in favor of the IRS and against Debtors on the priority issue.

An appropriate Order shall issue.

IT IS SO ORDERED.