JOEL MUNRO AND ANNE M. MUNRO, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

Docket No. 21894-87.          Filed January 23, 1989.

*Alfred R. Westfall,* for the petitioners.
*Lynda B. Taylor,* for the respondent.

## OPINION

WILLIAMS, *Judge:* This case is before us on petitioners'
motion to dismiss for lack of jurisdiction. The issue we
must decide is whether respondent determined a deficiency
in petitioners' 1983 Federal income tax.

The facts have been fully stipulated and are so found.
Petitioners were husband and wife during the year in issue
and resided in Montecito, California, at the time the petition
was filed in this case.

On their 1983 Federal income tax return, petitioners
reported the following income and losses derived from
partnerships:

| | |
|---|---:|
| Uversa Thoroughbreds 1981 Ltd | ($33,218) |
| Uversa Thoroughbreds 1981 Ltd | 7,706 |
| Jasmine Associates, Ltd. | (27,713) |
| Amesbury Thoroughbreds Ltd | (269,848) |
| Western Thoroughbreds Ltd | (152,487) |
| Sectra, Ltd | (415,762) |
| Total: | (891,322) |

All of these partnerships are subject to partnership level proceedings pursuant to the partnership audit and litigation procedures of section 6221[1] et seq. with respect to taxable year 1983. Petitioners also claimed various itemized deductions on their return, and reported an overall loss on their 1983 return of $436,337. Respondent examined petitioners' 1983 return and disallowed certain itemized deductions and increased certain items of income. These adjustments were unrelated to partnership items. Respondent's adjustments that were attributable to nonpartnership items on petitioners' return were $259,500. These adjustments are not subject to the partnership audit and litigation procedures of section 6221 et seq.

On August 25, 1986, a notice of final partnership administrative adjustment (FPAA) was issued by respondent to Jasmine Associates, Ltd., for the taxable year 1983. At the time the statutory notice of deficiency was issued to petitioners in this case, no FPAA had been issued to any other partnership in respect of its 1983 taxable year. The statute of limitations for assessment had been extended by each of these remaining partnerships.

On April 9, 1987, respondent issued a statutory notice of deficiency to petitioners for their 1983 taxable year determining a deficiency of $313,812. Respondent arrived at the deficiency by including in income or disallowing deductions that aggregate to $259,500 in nonpartnership items on petitioners' 1983 tax return and, further, by prospectively disallowing the $891,322 of net partnership losses reported by petitioners.

Petitioners timely filed a petition for redetermination of deficiency alleging that respondent disallowed losses from the above-mentioned partnerships before issuing an FPAA.

---

[1] All section references are to the Internal Revenue Code of 1954 as in effect for the year in issue.

Respondent counters by alleging that the partnership losses were prospectively disallowed solely for the purpose of computing petitioners' deficiency attributable to disallowed nonpartnership items. This prospective adjustment to partnership items, respondent contends, was of a computational nature only, and thus an FPAA was not necessary. Respondent cannot, however, deny that he has done more than assume the correctness of his proposed adjustments to partnership items for purposes of computing a deficiency attributable to nonpartnership items. On its face, a deficiency of $313,812 cannot possibly result from a net adjustment to income and deductions of $259,500. Respondent has effectively determined a deficiency that, in part, is attributable to his adjustment of partnership items. Respondent has, on brief, however, contended only that he should be able to assume the correctness of his proposed TEFRA partnership adjustments for computational purposes.

In *Maxwell v. Commissioner,* 87 T.C. 783, 788 (1986), we stated as follows:

It is evident both from the statutory pattern and from the Conference report that Congress intended administrative and judicial resolution of disputes involving partnership items to be separate from and independent of disputes involving nonpartnership items. Consequently, the portion of any deficiency attributable to a "partnership item" cannot be considered in the partner's personal case involving other matters that may affect his income tax liability. The "partnership items" must be separated from the partner's personal case and considered solely in the partnership proceeding. See sec. 6226(a); sec. 6226(f).

Neither respondent nor petitioner may raise nonpartnership items in the course of a partnership proceeding or raise partnership items in deficiency proceedings. *N.C.F. Energy Partners v. Commissioner,* 89 T.C. 741 (1987); *Maxwell v. Commissioner, supra* at 788; H. Rept. 97-760 (Conf.), at 611 (1982), 1982-2 C.B. 668.

Petitioners argue that without respondent's adjustments to partnership items, their taxable income for 1983 would be calculated as follows:

| | |
|---|---|
| Taxable income per notice of deficiency................ | $659,619 |
| Partnership adjustments ............................ | −891,322 |
| Taxable income without partnership adjustment ....... | (231,703) |

Accordingly, petitioners contend that no deficiency exists in this case. Petitioners also rely on *Scar v. Commissioner,* 814 F.2d 1363 (9th Cir. 1987), to argue that because no determination of deficiency has been made in this case, we have no jurisdiction. Sec. 6214(a).

Petitioners' argument wrongly assumes that their taxable income for purposes of this proceeding includes their deduction of $891,322 of net partnership losses. As we have stated above, partnership items must be ignored in deficiency proceedings which relate exclusively to nonpartnership items. *Maxwell v. Commissioner, supra.* By the same token, respondent may not take his proposed TEFRA partnership adjustments into account in a deficiency proceeding for any purpose, including the computation of the deficiency arising out of adjustments to nonpartnership items. *All* partnership items must be separated from nonpartnership items and are exclusively the subject of a partnership proceeding. Deficiency proceedings must exclusively consider nonpartnership items. Consequently, partnership items (whether income, loss, deductions, or credits) included on petitioners' return are completely ignored to determine if a deficiency exists that is attributable to nonpartnership items. Any proposed adjustments to those partnership items likewise must be ignored.

While we reject respondent's argument that proposed adjustments to partnership items can be taken into account in computing a deficiency, we nevertheless agree that if all of petitioners' 1983 partnership items are ignored, respondent has determined a deficiency. Notwithstanding the existence of a deficiency, the deficiency determined by respondent does not correlate with the deficiency that arises out of his adjustments to nonpartnership items, and only the deficiency attributable to nonpartnership items can be at issue in this case. As to the balance, the deficiency, if any, must await the outcome of the partnership proceedings.

*Scar* is inapposite to the case before us because petitioners' deficiency arises out of respondent's adjustments to petitioner's 1983 tax return. Respondent has specifically considered the transactions and taxable events reported on petitioners' return. Compare *Scar v. Commissioner, supra* at

1368-1370. Respondent's notice of deficiency adequately advises petitioners that a deficiency has been determined with respect to their 1983 taxable year and that the determined deficiency of $313,812 relates directly and specifically to transactions and events reported on petitioners' 1983 Federal income tax return. *Benzvi v. Commissioner,* 787 F.2d 1541 (11th Cir. 1986); *Scar v. Commissioner, supra* at 1367. Respondent's erroneous inclusion of disallowed partnership items in determining the deficiency does not derogate the fact of his examination of petitioners' 1983 return.

Because respondent has determined a deficiency in petitioners' 1983 income tax and has issued a valid statutory notice of deficiency with respect to nonpartnership items, we have jurisdiction in this case over the deficiency attributable to nonpartnership items. Sec. 6214(a). Petitioners' motion to dismiss for lack of jurisdiction will be granted in part and denied in part.

> *An order granting in part and denying in part petitioners' motion to dismiss will be issued.*