**In re Herbert SHOTWELL, Debtor.**

**Bankruptcy No. 389–35115–H13.**

United States Bankruptcy Court,
D. Oregon.

Oct. 22, 1990.

Magar E. Magar, Portland, Or., for debtor.

Karen E. Stratton, Sp. Asst. U.S. Atty., D. Or., for creditor.

Robert W. Myers, Portland, Or., trustee.

---

**164**

## OPINION

HENRY L. HESS, Jr., Chief Judge.

This matter came before the court upon the debtor's objection to claim # 1 of the Internal Revenue Service ("IRS"). The debtor is represented by Magar E. Magar of Portland, Oregon and the IRS is represented by Karen E. Stratton, Special Assistant U.S. Attorney for the District of Oregon.

### Findings of Fact

The following facts do not appear to be disputed. This case was filed on 11–3–89. The IRS filed a claim for $67,767.62 representing the debtor's 1979–87 income tax liabilities. $21,533.38 of the claim of IRS is filed as an unsecured, priority claim for tax years 1982–87.

The debtor objected to the classification of the priority claim on the ground that the taxes in question were for years where the return was due more than 3 years before the case was filed and assessed more than 240 days before the case was filed.

The returns in question were all due more than 3 years before the case was filed. The returns were all filed in February, 1989, which is more than 240 days before the case was filed. The IRS's "summary record," however, was signed by the IRS assessment officer in April, 1989 for tax years 1984–87 and July, 1989 for 1982 and 1983. Both dates (April, 1989 and July, 1989) fall within 240 days of the date the case was filed.

### Issue

When is a tax "assessed" as that term is used in Section 507(a)(7)(A)(ii)?

### Conclusions of Law

The court is persuaded by the reasoning in *In re Hartman*, 110 B.R. 951 (D.Kan. 1990) and adopts that reasoning. Thus, the term "assess" has the same meaning in the Bankruptcy Code as it does in the Internal Revenue Code and regulations.

Internal Revenue Code Regulation 301.-6203–1 provides that: "The date of the assessment is the date the summary record is signed by an assessment officer." Since the summary record was signed within 240 days of filing, the 1982–87 taxes were assessed within 240 days of filing and are entitled to priority, to the extent they are unsecured.

### Result

The debtor's objection is overruled. The IRS is directed to prepare a proposed order allowing its claim in accordance with this opinion and submit it to the court and opposing counsel. If counsel does not object within 10 days, the court will enter the order.