**In re William O. BLANK, Debtor.**

**William O. BLANK, Plaintiff,**

v.

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.**

Bankruptcy No. 1–90–02203.
Adv. No. 90–3390.

United States Bankruptcy Court, N.D. Ohio, W.D.

Feb. 27, 1992.

William Scott O'Brien, Findlay, Ohio, for debtor.

Verne Armstrong, Asst. U.S. Atty., Toledo, Ohio, for U.S.

Karen A. Smith, Washington, D.C., for I.R.S.

### OPINION AND ORDER EXCEPTING DEBT FROM DISCHARGE

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon Debtor/plaintiff's motion for summary

---

judgment of his complaint to determine the dischargeability of tax claims owed defendant the Internal Revenue Service and defendant's cross motion for summary judgment. Upon consideration thereof, the court finds that the amounts owed defendant should not be discharged.

## FACTS

On June 19, 1990, Debtor/plaintiff filed a voluntary petition under chapter 7 of title 11. Thereafter, on November 14, 1990, plaintiff filed a complaint to determine dischargeability of debt against defendant Internal Revenue Service. Plaintiff claims that money owed defendant as a result of the Form 1040 for the years 1984, 1985 and 1986, represent dischargeable debts as these amounts are not excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(A).

On December 2, 1991, plaintiff filed the instant motion for summary judgment stating that the debt owed as a result of his 1985 form 1040 income tax should be discharged. The court is informed that the tax liability for the years 1984 and 1986 has been resolved and is no longer in issue. Motion for Summary Judgment at 1; Cross Motion for Summary Judgment at 3. Plaintiff maintains that his liability for the 1985 form 1040 income tax was first assessed on or about August 24, 1987. Defendant levied upon plaintiff's assets, receiving partial payment of that 1985 liability. Plaintiff asserts that § 523(a)(1)(A) excepts from discharge priority debts under § 507(a)(7). Because the tax year for which plaintiff is liable is 1985 and the year plaintiff filed his petition is 1990, the taxes in issue are not a priority and are not excepted from discharge. Plaintiff also requests discharge of the debt as the amount due was "assessed" more than 240 days before the filing of his petition.

On December 20, 1991, defendant filed its opposition to plaintiff's motion for summary judgment and also its cross motion for summary judgment. Defendant maintains that there exists no disputed facts. The issue presented is:

whether the date of the assessment resulting from the audit of Debtor's 1985 tax year is controlling for purposes of determining whether that assessment was assessed within 240 days of the filing of the bankruptcy petition or whether the date of a prior assessment based upon the liability reflected upon the Debtor's 1985 return as filed is controlling.

Memorandum in Support of Cross Motion for Summary Judgment at 3. Defendant agrees with plaintiff's assertion in his affidavit, that defendant, on or about June 15, 1987, assessed $1,300 in unpaid taxes, $430.81 in penalties, and $188.90 in interest for the 1985 taxable year. Between December 5, 1987 and April 15, 1988, payments, received in several ways, were applied to the liability, reducing the balance to zero. Thereafter, on February 19, 1990, a second assessment in the amount of $5,298.67 was made, as a result of an audit examination. Defendant asserts that the date of the second assessment, February 19, 1990, is the relevant date for determining the dischargeability of the debt. Because plaintiff's petition was filed within 240 days after that assessment, the liability is a priority tax under § 507(a)(7)(A)(ii) and is excepted from discharge pursuant to § 523(a)(1)(A).

## DISCUSSION

Section 523(a)(1)(A) provides that a discharge does not discharge an individual from any debt "for a tax or a customs duty of the kind and for the periods specified in section ... 507(a)(7) of this title." Further, § 507(a)(7) affords a priority to

(7) allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

\*　　\*　　\*　　\*　　\*　　\*

(ii) assessed within 240 days ... before the date of the filing of the petition

Sections 523(a)(1) and 507(a)(7)(A)(ii), read together, provide that taxes assessed more than eight months prepetition are not afforded a priority status and are discharged. *In re King,* 122 B.R. 383, 385, 21 B.C.D. 381 (9th Cir.BAP 1991). *See also In re*

*Oldfield,* 121 B.R. 249 (Bkrtcy.E.D.Ark. 1990) (if IRS assessed tax it claims Debtors owe more than 240 days before they filed their petition, the tax debt is discharged); *In re Kostoglou,* 74 B.R. 202 (Bkrtcy. N.D.Ohio 1987) (taxes assessed within 240 days prepetition are entitled to priority).

"Assessment" is not defined in the Bankruptcy Code. Thus,

> [m]any courts have concluded that the assessment date under the Internal Revenue Code is the same assessment date under Bankruptcy Code section 507(a)(7)(A)(ii). An "assessment" of taxes has been described as a "formal, discrete act with specific legal consequences." The Treasury Regulations provide that "the assessment shall be made by an assessment officer signing the summary record of assessment," and that "the date of the assessment is the date the summary record is signed by an assessment officer." Thus, an assessment is made by the IRS only after the taxpayer is sent a notice of deficiency, which commences the administrative proceedings to collect a tax deficiency.

*Oldfield,* 121 B.R. at 252 (citations omitted). *See also In re Shotwell,* 120 B.R. 163, 20 B.C.D. 1902 (Bkrtcy.D.Or.1990) (the term "assess" has the same meaning in the Bankruptcy Code as it does in the Internal Revenue Code and regulations); *Kostoglou,* 74 B.R. at 203–04 (the court agrees with the IRS in its argument that the court need only determine the date on which the summary record was signed by an assessment officer in this case in order to determine the date of the assessment).

In the instant case, defendant sent notice of Debtor's tax deficiency for 1985 on February 19, 1990; Debtor's petition was filed June 19, 1990. Thus, the assessment was made within 240 days before Debtor filed his petition and is, then, entitled to priority under § 507(a)(7)(A)(ii) and excepted from discharge pursuant to § 523(a)(1)(A).

The argument advanced by Debtor in the instant situation requesting discharge of the tax claim is identical to that advanced by Debtor in his motion for summary judgment in *In re Frary,* 117 B.R. 541 (Bkrtcy.D.Alaska 1990). In *Frary,* Debtor argued that a third assessment by IRS was discharged as it related back to a prior assessment made more than 240 days before Debtor's petition. *Id.* at 544. The *Frary* court stated that:

> Debtor provides no authority for his contention that one assessment can "relate back" to another.... [Section 507(a)(7)] does not support the Debtor's contention, as it simply provides for priority of taxes which are assessed within 240 days from the date of the filing of the petition, and does not provide for any form of interrelationship between assessments.

*Id.* Furthermore, the *Frary* court noted that multiple assessments by the IRS are commonplace. *Id.*

This court concurs with *Frary.* Debtor has failed to provide authority in support of his assertion and the court finds that the assessment was made within 240 days before Debtor's petition. Thus, the tax owed the IRS by Debtor is entitled to priority under § 507 and is excepted from discharge pursuant to § 523. In light of the foregoing, it is therefore

ORDERED that the amount owed by Debtor as a result of the Form 1040 for the year 1985 be, and hereby is, excepted from discharge.