Frank S. DAVIS, Frank S. Davis and Arline Davis, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 7475.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 21, 1957.

Decided Nov. 7, 1957.

———◆———

Clayton Lee Burwell, Washington, D. C. (James R. Murphy, and Murphy, Duiker, Smith & Burwell, Washington, D. C., on brief), for petitioners.

Gilbert E. Andrews, Jr., Atty., Dept. of Justice, Washington, D. C. (John H. Stull, Acting Asst. Atty. Gen., Lee A. Jackson and Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., on brief), for respondent.

Before PARKER, Chief Judge, and SOPER and SOBELOFF, Circuit Judges.

PER CURIAM.

This case concerns deficiencies in income taxes and fraud penalties for the years 1944, 1945, 1947 and 1950, determined by the Commissioner of Internal Revenue against the taxpayers. The taxpayers are Frank S. and Arline Davis, who filed joint returns for certain years, but since the wife had no separate income the inquiry is directed to the income of the husband.

The taxpayer was engaged in illegal operation of a liquor business from 1928 to 1951 in and around Greensboro, North Carolina. He purchased Federal tax paid spirits from wholesalers in truck loads and sold them in lots ranging from one case to a truck load. Practically all of his purchases and sales were by cash except that in the years beginning 1947 many purchases were made by cashier's checks. During the period from 1929 to 1939 the taxpayer served sentences aggregating two and one-half years for violation of Federal and State liquor laws.

The taxpayer kept no records at all prior to 1944, when his wife began to make daily notations of purchases and sales and filed inventories for liquor purchased and adjusted inventories as deliveries were made. No account, however, was kept for cash. At the end of each month she made summaries in notebooks and these books, for the years 1946 to 1949 and the first five months of 1950, were received in evidence. The entries, however, were unsupported by the underlying bills, receipts, invoices, cancelled checks and detailed daily entries. These records, up to the end of 1948, were destroyed by the taxpayer's wife in that year. The records after that date were lost or destroyed in 1950.

An investigation of the taxpayer's records was made by Revenue Agents in the year 1952. In view of the inadequacy of the records it was necessary to determine the taxpayer's income for the years 1944 through 1950 by the net worth-plus-expenditures method. The opening net worth was determined on the basis of a prior investigation made by Revenue Agents in 1944 for the tax years 1941 through 1943. This investigation indicated that on January 1, 1944, the taxpayer had no liabilities and $57,280.15 in assets, of which $30,600.00 was in cash.

The present case turns on the substantial accuracy of that figure, for the taxpayer's appeal is based almost entirely on his contention that at the beginning of the period he had from $125,000.00 to $150,000.00 in cash in a safe in his home. The Tax Court rejected the taxpayer's testimony to this effect and the record furnishes ample support for the Court's conclusion.

The agents who made the earlier investigation involving the tax years 1941, 1942 and 1943 computed the taxpayer's net worth at the end of the period at the sum of $50,355.15, of which $30,600.00 consisted of cash. This computation was based upon known cash expenditures in 1944, taking into consideration the fact that a portion of the expenditures represented income received in 1944; but the computation was also based upon the actions of the taxpayer in the earlier case in the Tax Court. He filed therein a sworn statement in which he represented that his entire net worth was only $37,025.15 on December 31, 1943; and he entered into a settlement of the tax claims with the Government in which he paid the sum of $35,000.00. This figure was arrived at by adjusting the cash on hand from $30,600.00 to $23,128.00. Under these circumstances it is plain that the Tax Court was warranted in rejecting the taxpayer's testimony; and since the Court gave the taxpayer the credit for the amount of cash on hand at the higher figure of $30,600.00 at the beginning of the period now under examination, the taxpayer has no cause to complain. The determination of the Court was made in accordance with the admonition of the Supreme Court in Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150, that in using the net worth theory the opening net worth of the taxpayer must be established with reason-

able certainty. See, also, Phillips v. Commissioner, 5 Cir., 246 F.2d 209; Thomas v. Commissioner, 1 Cir., 232 F. 2d 520. This discussion disposes of the main contention upon which the taxpayer bases the appeal and it becomes unnecessary to discuss the minor points, which we find upon examination to be devoid of merit.

Affirmed.