ANTHONY COMPARATO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; MILDRED COMPARATO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Comparato v. Commissioner
Docket Nos. 46784-86, 46785-86
United States Tax Court
T.C. Memo 1989-634; 1989 Tax Ct. Memo LEXIS 634; 58 T.C.M. (CCH) 775; T.C.M. (RIA) 89634; November 27, 1989
*634 Held, Ps' deemed admissions and stipulations are sufficient to satisfy R's burden of proving fraud under section 6653(b), I.R.C. 1954. Charles F. Murray, for the petitioners. George H. Soba and Rosemarie Dever Camacho, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Chief Judge: Respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows: Docket
Addditions to Tax
Petitioner
No.
Year
Deficiency
Section 6653(b)
Anthony Comparato
46784-86
1974
$ 44,217
$ 22,109
1975
101,215
50,608
1976
73,690
36,845
Mildred Comparato
46785-86
1974
35,200
17,600
1975
92,081
46,041
1976
65,246
32,623
(Unless otherwise indicated, all section references *636 are to sections of the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.) The issues for decision are whether: (1) petitioners failed to report constructive dividend income; (2) petitioner Anthony Comparato (Anthony) reported excess salary income; (3) Anthony is entitled to deduct certain medical expenses; and (4) petitioners are liable for additions to tax under section 6653(b). On September 21, 1987, respondent, pursuant to Rule 90, filed a request for admissions in each docketed case. On October 19, 1987, petitioners filed responses to respondent's requests for admissions wherein they generally denied all matters asserted in respondent's requests for admissions. On October 19, 1987, petitioners filed motions for protective order seeking to be excused from answering respondent's requests for admissions and motions to quash or suppress and to have respondent's requests for admissions stricken. A hearing on these motions and trial in these cases were scheduled to commence on December 7, 1987. On November 30, 1987, petitioners requested continuances to permit their newly retained counsel to prepare *637 for trial. On December 1, 1987, the Court granted petitioners' oral motions for continuance with the express understanding that there would be no further continuances. Accordingly, the hearing and trial were rescheduled for February 29, 1988. On February 18, 1988, in a conference call, petitioners' counsel agreed to meet with respondent during the week of February 22, 1988, to prepare stipulations of fact for trial. The parties were advised that should petitioners fail to cooperate in the stipulation process the Court would entertain a motion by respondent to have facts deemed stipulated under Rule 91(f). The parties were expressly told to appear at the calendar call on February 29, 1988. Petitioners failed to appear at the calendar call and at the meetings scheduled with respondent to prepare stipulations of fact. Respondent filed motions to have his proposed stipulations of fact and requests for admissions deemed stipulated and admitted under Rules 91(f) and 90(g). Because petitioners failed to confer with respondent to prepare stipulations of fact and unjustifiably failed to admit matters in respondent's request for admissions, the Court granted respondent's motions. Thus, *638 the facts of these cases have been established through deemed stipulations and admissions. On March 7, 1988, these cases were consolidated for trial, briefing and opinion. On April 21, 1988, petitioners' motions to quash and suppress and motions for protective order were denied. Petitioners did not file a brief. At the time of filing their petitions, petitioners were residents of Astoria, New York. Petitioners were married during the years in issue. During the years in issue, petitioners were shareholders of Murray Hill Newspaper Distributors Ltd. (the corporation), a closely-held corporation. Anthony and petitioner Mildred Comparato (Mildred) served as president and secretary/treasurer, respectively, of the corporation. Anthony's duties included delivering packages, answering telephones, sorting freight, bookkeeping and managing the day to day operations of the corporation. Anthony also had authority over the corporation's bookkeeper, the payment of bills and the writing of invoices. Mildred's duties included acting as the corporation's bookkeeper. Mildred had complete authority to direct the payment of bills, the issuance of checks, the writing of invoices and the *639 signing of the corporation's tax returns. The corporation made constructive dividend distributions to petitioners in 1974, 1975 and 1976 in the amounts of $ 70,865, $ 153,165 and $ 114,916, respectively. Petitioners stipulated that each was a shareholder of their closely-held corporation during the years in issue. Because the record does not show that the corporation had other shareholders nor shows the percentage of stock held by each petitioner, it is reasonable to conclude that petitioners were equal shareholders of the corporation. While each petitioner stipulated that he or she received the entire constructive dividend distribution in each year, it is obvious that these stipulations are erroneous. Accordingly, we determine that each petitioner received one-half of the constructive dividend distribution made by the corporation in 1974, 1975 and 1976, respectively. Petitioners fraudulently and with the intent to evade income taxes had the corporation deduct the constructive dividends as ordinary and necessary business expenses on the corporation's income tax returns. Petitioners fraudulently and with the intent evade income taxes failed to report the constructive dividends *640 on their individual income tax returns. Anthony received salary income from the corporation in the amounts of $ 19,000 and $ 22,398 in 1975 and 1976, respectively. For 1974, 1975 and 1976 Anthony filed income tax returns as a married taxpayer filing separately. Anthony did not report the constructive dividends received from the corporation on any of his income tax returns for the years in issue. Anthony reported salary income from the corporation in the amounts of $ 24,000 and $ 32,018 for 1975 and 1976, respectively. Anthony claimed deductions for medical and dental expenses in the amounts of $ 17,098, $ 15,488 and $ 17,457 for 1974, 1975 and 1976, respectively. For 1974, 1975 and 1976 Mildred did not file income tax returns. Petitioners were convicted in the United States District Court for the Southern District of New York of violating sections 7201, 7206(1) and 7206(2) with respect to the corporation's income tax returns for 1974, 1975 and 1976. Anthony was convicted of violating section 7201 with respect to his individual income tax return for 1976. On September 18, 1986, respondent issued a notice of deficiency to Anthony determining that Anthony: (1) failed to *641 report constructive dividend income received from the corporation in 1974, 1975 and 1976; (2) reported excess salary income received from the corporation in the amounts of $ 5,000 and $ 9,620 for 1975 and 1976, respectively; (3) was not entitled to any deductions for medical or dental expenses for 1974, 1975 and 1976; and (4) was liable for additions to tax under section 6653(b) for each of the years in issue. On September 18, 1986, respondent issued a notice of deficiency to Mildred determining that Mildred: (1) failed to report constructive dividend income received from the corporation in 1974, 1975 and 1976; and (2) was liable for additions to tax under section 6653(b) for each of the years in issue. The deemed admissions and stipulations of fact establish that respondent's deficiency determinations are correct. Cassidy v. Commissioner, 814 F.2d 477 (7th Cir. 1987), affg. T.C. Memo. 1986-133; Dahlstrom v. Commissioner, 85 T.C. 812 (1985). The sole issue remaining for decision is whether petitioners are liable for additions to tax under section 6653(b). "If any part of any underpayment * * * of tax * * * is due to fraud, there *642 shall be added to the tax an amount equal to 50 percent of the underpayment." Section 6653(b). Fraud is defined as an intentional wrongdoing designed to evade tax believed to be owing. Professional Services v. Commissioner, 79 T.C. 888, 930 (1982). The burden of proof rests on respondent to show by clear and convincing evidence that some portion of an understatement of income for a given year was due to fraud with intent to evade tax. Section 7454(a); Miller v. Commissioner, 51 T.C. 915 (1969). Respondent must establish that petitioners have underpaid their taxes for each year and that some part of their underpayment was due to fraud. Hebrank v. Commissioner, 81 T.C. 640, 642 (1983). For 1976, Anthony was convicted of willfully filing a false and fraudulent income tax return under section 7201. Criminal tax evasion under section 7201 is equivalent to civil tax fraud under section 6653(b). Therefore, Anthony is estopped from denying that his 1976 tax return was fraudulent. Amos v. Commissioner, 43 T.C. 50 (1964), affd. 360 F.2d 358 (4th Cir. 1965). For 1974, 1975 and 1976 petitioners are *643 deemed to have admitted and stipulated to facts which overwhelmingly establish substantial omissions of income. The admissions and stipulations are replete with the requisite indicia of fraud. Marshall v. Commissioner, 85 T.C. 267 (1985); Doncaster v. Commissioner, 77 T.C. 334 (1981). Specifically, petitioners fraudulently had the corporation deduct and consistently failed to report substantial amounts of dividend income on their income tax returns for each of the years in issue. The omissions of taxable income resulted in substantial underpayments for each of the years in issue. We therefore find that the facts deemed admitted under Rule 90(g) and stipulated under Rule 91(f) are sufficient to satisfy respondent's burden of proving that some portion of the understatement of income for the years in issue was due to fraud with intent to evade tax. Marshall v. Commissioner, supra.
Mildred filed no returns for the years 1974, 1975 and 1976. Consequently, pursuant to section 6501(c)(3), the three-year period of limitations on assessment and collection of tax is not applicable as to Mildred. Furthermore, as to Anthony, section *644 6501(c)(1) provides that in the case of a false or fraudulent return with the intent to evade tax, the tax may be imposed at any time. Accordingly, the three-year period of limitations on assessment and collection of tax provided in section 6501(a) is not applicable in the case of fraud. To reflect the foregoing, Decisions will be entered under Rule 155.