**In re Vincent L. ROBERTS, Debtor.**

**Vincent L. ROBERTS, Plaintiff,**

v.

**UNITED STATES of America, acting Through the INTERNAL REVENUE SERVICE, Defendant.**

**Case No. 91–4026.**

United States District Court, C.D. Illinois.

June 14, 1991.

Darilyn Knauss, Asst. U.S. Atty., Peoria, Ill., Benjamin Norris, U.S. Dept. of Justice, Tax Div., Washington, D.C., for United States.

Barry Barash, Galesburg, Ill., for appellee.

Randy Moon, Peoria, Ill., for U.S. trustee.

## ORDER

MIHM, District Judge.

This matter is before the Court on appeal from the United States Bankruptcy Court for the Central District of Illinois, the Honorable William V. Altenberger presiding. The bankruptcy court determined that certain tax penalties owed to the United States by the debtor were dischargeable under his Chapter 7 bankruptcy petition. For the reasons set forth below, this decision is affirmed.

## BACKGROUND

The debtor Vincent L. Roberts ("Roberts") underpaid his federal income taxes for 1979 to 1984 due to his investment in a tax shelter which was later determined to be illegal. The IRS assessed a deficiency with interest and penalties and, after an appeal to the tax court, Roberts stipulated to the assessment which totaled over $43,-000. More than half of this assessment

represents interest and penalties on the tax deficiency.

On October 11, 1989, several months after this settlement with the IRS, Roberts filed a Chapter 7 bankruptcy petition. On March 12, 1990, Roberts brought an adversary proceeding against the United States to determine the dischargeability of the taxes and penalties that the IRS had assessed. The parties filed Cross–Motions for Summary Judgment on September 17, 1990, and on October 19, 1990, the bankruptcy court heard oral argument. On February 13, 1991, the bankruptcy court issued a written opinion and order, holding that, while the delinquent taxes were not dischargeable, the interest and penalties on those delinquent taxes were dischargeable. 125 B.R. 534. The bankruptcy court based this opinion upon 11 U.S.C. § 523(a). The United States appealed to this Court, arguing that the bankruptcy court's conclusion that penalties and interest were dischargeable was error. Roberts concedes that the underlying taxes were, as the bankruptcy court found, not dischargeable, but argues that the interest and penalties on those taxes were properly discharged by the bankruptcy court.

## DISCUSSION

■ At issue is the construction of 11 U.S.C. § 523(a)(7), which deals with the discharge of certain debts in bankruptcy. That section provides, in relevant part, as follows:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(7) to the extent such debt is for fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or

(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition;

Reduced to its simplest form, § 523(a)(7) means that government fines or penalties are not dischargeable except for tax penalties which (A) relate to a tax which is itself dischargeable, or (B) stem from a transaction that occurred more than three years before the bankruptcy petition was filed. *In re Roberts,* 906 F.2d 1440, 1441–42 (10th Cir.1990).

■ In this case there is no dispute that Roberts's underlying tax deficiency was not dischargeable. There is also no dispute that the tax penalties assessed against Roberts were imposed in connection with a transaction that occurred more than three years before Roberts filed his Chapter 7 petition. As a result, § 523(a)(7)(B) would seemingly dictate that the penalty is dischargeable.

However, the United States argues that § 523(a)(7) means that for a tax penalty to be dischargeable, it must be *both* a tax penalty arising from a dischargeable tax *and* arising from a transaction which occurred more than three years before the filing of the bankruptcy petition. Under this analysis, Roberts's tax penalties would not be dischargeable because they relate to a tax deficiency which is itself not dischargeable. The United States argues that this is the correct interpretation of § 523(a)(7), despite the clear use of the word "or" between (A) and (B), because the legislative history so indicates.

As the bankruptcy court correctly noted, the question presented here is an open issue in this circuit. In *Cassidy v. C.I.R.,* 814 F.2d 477 (7th Cir.1987), the Seventh Circuit did interpret § 523(a)(7) in a manner consistent with the position of the United States:

[S]ubsection 523(a)(7)(A) mandates that fraud penalties are non-dischargeable if the underlying tax with respect to which the penalty was imposed is also non-dischargeable. Because the taxpayer's deficiencies are non-dischargeable, his tax penalties are similarly non-dischargeable.

814 F.2d at 481 (citations omitted). However, the Seventh Circuit recently noted

that this portion of *Cassidy* was dicta and not valid precedent.

> [D]icta [is] that portion of an opinion not entitled to the full weight usually given judicial decisions, including any portion not necessary to the outcome of the case. The portion of the *Cassidy I* which concerned the dischargeability of the debt was, unfortunately, dicta.

*Matter of Cassidy*, 892 F.2d 637, 640 (7th Cir.1990). Thus, the Court must look to other jurisdictions for guidance on this issue.

The Tenth and Eleventh Circuits are the only circuits to address this issue thus far, and both have rejected the government's position. In both of those cases, the United States advanced the same arguments advanced here. Those courts, after conducting a thorough legislative history, concluded that 523(a)(7) must be construed as allowing discharge of tax penalties stemming from three year old transactions regardless of whether the underlying tax was dischargeable. *See Roberts*, 906 F.2d 1440; *In re Burns*, 887 F.2d 1541 (11th Cir.1989).

Those courts held that the meaning of § 523(a)(7) is unambiguous and that resort to legislative history to discern its meaning is inappropriate. Nonetheless, both courts concluded, the legislative history fails to reveal a clear preference for either interpretation advanced by the parties here. This Court agrees with the analysis of *Roberts* and *Burns* and holds that, where the requirements of § 523(a)(7)(B) are met, the tax penalty is dischargeable without regard to the provisions of § 523(a)(7)(A). Accordingly, the bankruptcy court correctly determined that the tax penalties imposed upon Roberts by the IRS were dischargeable.

## CONCLUSION

For the reasons set forth above, the decision of the bankruptcy court is AFFIRMED.