In re Marvin Lee HENDERSON, Debtor.

Marvin Lee HENDERSON, Plaintiff,

v.

UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 87–00026.
Adv. No. 91–0090.

United States Bankruptcy Court,
E.D. Kentucky,
at Lexington.

Oct. 2, 1991.

David C. Hickman.

David E. Middleton.

W. Thomas Bunch, Lexington, Ky., for debtor/plaintiff.

## MEMORANDUM OPINION

CLIVE W. BARE, Bankruptcy Judge.

The issue before the court in this adversary proceeding is whether the debtor's discharge in bankruptcy also discharges tax penalties relating to nondischargeable tax liabilities incurred more than three years before the filing of the bankruptcy petition. 11 U.S.C. § 523(a)(7).

### I

Plaintiff, Marvin Lee Henderson ("Henderson"), timely filed his federal income tax returns for 1982 and 1983. On January 10, 1986, Henderson filed a form 872, Consent to Extend the Time to Assess Tax, extending the date for assessment for the calendar year 1982 to December 31, 1986. On June 9, 1986, Henderson's representative signed another form 872, further extending the time for assessment for 1982 to December 31, 1987. On October 14, 1986, Henderson signed a Form 872 for the calendar year 1983, agreeing to extend the date for that year until December 31, 1987.

On January 12, 1987, Henderson filed a petition for relief under chapter 7 of the Bankruptcy Code. On June 28, 1990, he was granted a discharge in bankruptcy. On September 3, 1990, additional taxes, negligence penalties, and interest were assessed against Henderson for 1982 and

1983. In a complaint filed April 5, 1991, Henderson asserted that these taxes and penalties are dischargeable because his tax returns for 1982 and 1983 were filed more than three years before the filing of the petition in bankruptcy. 11 U.S.C. § 523(a)(7). In an answer filed May 17, 1991, Defendant, United States of America, Internal Revenue Service ("United States"), alleged that the debts are excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(7)(A) and 507(a)(7)(A)(iii).

On June 28, 1991, United States moved for summary judgment. Before that motion was acted upon, the parties filed the following stipulation:

It is hereby stipulated by and between counsel for the respective parties in this adversary proceeding that the taxes, as well as the interest allocable to these taxes, which were assessed against plaintiff for 1982 and 1983, were not discharged by plaintiff's bankruptcy proceeding.

On July 25, 1991, Henderson responded to the motion for summary judgment and asks the court to deny the motion and find the tax penalties dischargeable. With the court's permission, United States filed a Reply Brief on August 19, 1991.

## II

11 U.S.C. § 523(a)(7) reads in pertinent part:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

(A) relating to a tax of a kind not specified in paragraph (1) of this section; or

(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition[.]

Henderson states that the question before the court is whether Title 11 U.S.C. § 523(a)(7) is to be "read literally in the disjunctive so as to allow the discharge of any tax penalty for taxable periods more than three years before the bankruptcy petition even if the underlying tax liability is not dischargeable."

Henderson argues that reading the statute in the disjunctive clearly allows a discharge of a tax penalty which either (1) relates to a tax of a kind not specified in paragraph (1) of section 523(a) or (2) was imposed with respect to a transaction or event that occurred more than three years prepetition. Henderson further argues that the statute is not ambiguous, that section 523(a)(7) does not contradict itself, but rather provides a "perfectly clear meaning in a poorly worded manner." According to Plaintiff, since the statute is not ambiguous, the legislative history of section 523(a)(7) should not be considered, but that even if the court should inquire into the legislative history, "no conclusive results may be achieved."

In support of his position, Henderson cites *Roberts v. United States*, 906 F.2d 1440 (10th Cir.1990); *In re Burns*, 887 F.2d 1541 (11th Cir.1989); and *In re Frary*, 117 B.R. 541 (Bankr.Alaska 1990).

United States, on the other hand, asserts that the penalties in this case are not discharged because they were assessed to nondischargeable tax liabilities:

Although awkwardly stated, the meaning of section 523(a)(7) is apparent in light of the legislative history. The general rule is that fines and penalties are not discharged. This general treatment is subject to two limitations where tax fines and penalties are concerned. First, pursuant to Sec. 523(a)(7)(A) such fines and penalties are dischargeable where they are related to taxes that are *not* described in Section 523(a)(1). This means that the peanlties [sic] are dischargeable if they are not related to taxes entitled to priority under Section 507(a)(2) and (a)(7), or arises [sic] where a return was not filed, not timely filed, or was fraudulent. Second, pursuant to Section 523(a)(7)(B), if the fine or penalty is not computed by such a reference to a Section 523(a)(1) nondischargeable tax li-

ability, then the fine or penalty is dischargeable if it was not incurred within the three-year period preceding bankruptcy. Simply put, the provision states that tax fines and penalties are not dischargeable if computed by reference to a nondischargeable tax liability or, if not computed by reference to a tax liability, are nondischargeable if incurred within three years before the petition in bankruptcy is filed.

*Brief for the United States in Support of its Motion for Summary Judgment*, p. 5, 6.

United States argues additionally that the legislative history of section 523 confirms this reading.

Although conceding that two different courts of appeals have reached contrary results (*In re Burns*, 887 F.2d 1541 (11th Cir.1989), and *In re Roberts*, 906 F.2d 1440 (10th Cir.1990)), United States asserts that those courts gave inadequate consideration to the legislative history and erred as a matter of law. United States argues that a number of other courts have considered the language of section 523(a)(7) and have interpreted that language in a manner "diametrically opposed" to the interpretation of the *Burns* and *Roberts* courts. *Cassidy v. C.I.R.*, 814 F.2d 477, 481 (7th Cir.1987) [1]; *In re Carlton*, 19 B.R. 73 (D.N.M.1982); *Ferrara v. Dept. of Treasury*, 103 B.R. 870 (Bankr.N.D. Ohio 1989); *In re Harris*, 59 B.R. 545, 549 (Bankr.W.D.Va.1986); *Gerulis v. United States*, 56 B.R. 283, 286 (Bankr.Minn.1985); *In re Hanna*, 872 F.2d 829 (8th Cir.1989) [2]; 3 *COLLIER ON BANKRUPTCY*, ¶ 523.06[11], p. 523–32 (15th ed. 1989).

In its Reply Brief, United States argues that when the literal application of a statute would produce a result inconsistent with the intent of its drafters, then the intent of the drafters controls. United States discounts Henderson's argument that the legislative history of section 523(a)(7) is "not persuasive" and is "contradictory." Referring to the Joint Statement made by Representative Edwards and Senator DeConcini, 124 Cong.Rec. 32417, 34016 (1978), United States asserts:

> Since the Joint Statement is persuasive evidence of congressional intent, it clearly should be given effect over contradictory language in the statute. This is particularly true in the instant case since the language of Section 523(a)7) [sic] is so convoluted that it is highly unlikely that anyone in Congress reading this language before voting on the Act would have understood it to mean that penalties which were punitive in nature would have been dischargeable even though the tax liability on which they were based were [sic] not dischargeable. Under these circumstances, we submit that this is one of those "rare cases" in which the literal application of a statute produces results demonstrably at odds with the intentions of its drafters, and therefore the intention of the drafters should be

**1.** In *Cassidy* the Seventh Circuit interpreted section 523(a)(7) in a manner consistent with the position asserted by United States:

> [S]ubsection 523(a)(7)(A) mandates that fraud penalties are nondischargeable if the underlying tax with respect to which the penalty was imposed is also nondischargeable. S.Rep. No. 989 at 79, U.S.Code Cong. & Admin.News 1976, p. 5864. Because the taxpayer's deficiencies are nondischargeable, his tax penalties are similarly nondischargeable.

*Cassidy*, 814 F.2d at 481.

However, the Seventh Circuit recently noted that this portion of *Cassidy* was dicta and therefore "not entitled to the full weight usually given judicial decisions." *Matter of Cassidy*, 892 F.2d 637, 640 (7th Cir.1990). United States still believes that the court's analysis of Section 523(a)(7) was correct. "At all events, inasmuch

as it contradicts the Tenth and Eleventh Circuit's [sic] interpretation of Section 523(a)(7), it undercuts any suggestion that the provision is unambiguous." United States' brief in support of its motion for summary judgment, p. 9, n. 4.

**2.** Although cited by United States as authority for its position, the court in *Hanna* concluded:

> We feel, as detailed above, that the policies underlying the determination under section 502(b)(2) do not apply to the determination of whether an item is dischargeable or not and that collateral estoppel does not apply to postpetition penalties disallowed on other grounds than their merits. Thus, there is no reason to disturb the plain meaning of section 523(a)(7), and the Hannas are personally liable for postpetition penalties accruing as a result of nondischargeable tax liability.

*Hanna*, 872 F.2d at 831, 832.

followed rather than the strict language of the statute.

*Reply Brief for the United States*, p. 6.

### III

*In re Burns*, 887 F.2d 1541 (11th Cir. 1989), offers a lengthy and careful discussion of 11 U.S.C. § 523(a)(7) and its legislative history:

> We resolve the question of how to read the legislative history in simple fashion: by reading the statute and taking it at face value. Given the several "mute intermediate legislative maneuvers" through which section 523(a)(7) passed before reaching its present form, we conclude that congressional intent cannot be divined from extrinsic sources. The early committee reports do not refer to a comparably worded proposal. The Joint Statement contains inaccuracies and inconsistencies.

*Burns*, 887 F.2d at 1551, 1552.

The court held:

> While the language of this subsection frames nondischargeable tax penalties as an exception to an exception to an exception, once the triple negative is taken into account the meaning of the provision gains clarity. A tax penalty is discharged if the tax to which it relates is discharged (in the precise terms of the statute, not nondischargeable) or if the transaction or event giving rise to the penalty occurred more than three years prior to the filing of the bankruptcy petition. Since the statute uses the disjunctive, a tax penalty that does not qualify for discharge under one of the two aforementioned circumstances may still qualify under the other.

*Burns*, 887 F.2d at 1544.

Given the particular facts in *Burns*, the Eleventh Circuit found that tax fraud penalties associated with taxing years which preceded filing of a prior bankruptcy petition by more than three years were dischargeable.

In *In re Roberts*, 906 F.2d 1440 (10th Cir.1990), the court phrased the issue as "whether a discharge in bankruptcy also discharges tax penalties related to nondischargeable tax liabilities incurred more than three years before the filing of the bankruptcy petition." *Roberts*, 906 F.2d at 1441. The Tenth Circuit summarized:

> First, the language of subsection (A) and subsection (B) is neither ambiguous nor difficult to understand. Subsection (A) provides that a tax penalty is dischargeable if it is related to a nondischargeable tax liability. Subsection (B) creates an arbitrary cutoff of three years, after which all uncollected tax penalties may be discharged in bankruptcy. Although this time limit is an innovation on pre-Code law, *see In re Burns*, 887 F.2d at 1544, it is nevertheless clear and understandable.
>
> .     .     .     .     .
>
> Second, the legislative history does not warrant ignoring the plain statutory language. In a carefully crafted opinion, the Eleventh Circuit discussed at length the extensive series of compromises which eventually became the Bankruptcy Code. The court cited the need for strict adherence to the statutory language in such cases, and therefore refused to look to the inconclusive legislative history to defeat the plain effect of subsection (B).

*Roberts*, 906 F.2d at 1443, 1444.

The court concluded that since the statutory language of 11 U.S.C. § 523(a)(7) is clear and unambiguous "and does not compel an irrational result," reference to the legislative history in order to interpret the meaning of the statute is not necessary.

### IV

Following the careful reasoning of *Burns* and *Roberts*[3], this court concludes that Henderson's discharge in bankruptcy also discharges his tax penalties relating to nondischargeable tax liabilities incurred more than three years before the filing of his bankruptcy petition. Thus, negligence penalties assessed against Plaintiff,

---

**3.** *See also In re Frary*, 117 B.R. 541 (Bankr.Alaska 1990); *In re Roberts*, 129 B.R. 171 (C.D.Ill. 1991); and *In re Hopkins*, 131 B.R. 308 (Bankr. N.D.Tex.1991).

Henderson, by Defendant, IRS, for the years 1982 and 1983 are not excepted from discharge. 11 U.S.C. § 523(a)(7). The court finds the provisions of subsections (A) and (B) of 11 U.S.C. § 523(a)(7) to be mutually exclusive; the statute should be read literally in the disjunctive. Although the language of this section is convoluted, the meaning is clear. Therefore, the court does not find it necessary to resort to the inconclusive legislative history of this provision.