LEWIS B. JOHNSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 1505-86
United States Tax Court
T.C. Memo 1993-301; 1993 Tax Ct. Memo LEXIS 304; 66 T.C.M. (CCH) 91; July 13, 1993, Filed *304 An order and decision will be entered for respondent. Lewis B. Johnson, pro se. For respondent: Nancy W. Hale. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge D. Irvin Couvillion pursuant to section 7443A(b)(4) [1] and Rules 180, 181, and 183. The Court agrees with and adopts the opinion of the Special Trial Judge which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE COUVILLION, Special Trial Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions To Tax Sec.
Sec.
Sec. Year
Deficiency
6653(b)(1)
6653(b)(2)
6661(a)
1981
$ 92,408.34
[1] $ 46,204.17
--
--
1982
53,102.49
26,551.25
[2]
[3] $ 5,310.25
*305 At the time the petition was filed, petitioner was a resident of Tennessee. After this case was calendared for trial, but before trial, respondent filed a motion for summary judgment. Petitioner was served with a notice of filing, and any objections to the motion were to be filed on or before the date scheduled for trial. Petitioner did not file any notice of objection, nor did he appear for trial. At trial, respondent presented no evidence and rested the case on the motion for summary judgment and the record of the case. Petitioner was initially represented by counsel; however, the attorney subsequently withdrew from the case, and petitioner did not retain other counsel to represent him. On or about the time the petition was filed, in January 1986, petitioner began a period of incarceration with the U.S. Bureau of Prisons. His incarceration continued until his release on parole on December 14, 1990. Petitioner was incarcerated because of his guilty plea in U.S. Court for the Middle District of Tennessee for the violation of 21 U.S.C. section 846 (1988), conspiracy with others to distribute cocaine, methaqualone, and marijuana from January *306 1981 until June 1982. The trial of this case was delayed because of petitioner's incarceration and his failure to cooperate in preparation of the case for trial after his release from prison. In his petition, petitioner challenged all of the adjustments in the notice of deficiency. Respondent answered and affirmatively alleged facts to support the determination of fraud under section 6653(b) for 1981, and section 6653(b)(1) and (2) for 1982. Petitioner thereafter filed a reply, denying the affirmative allegations of fraud. Respondent then filed an amended answer, making additional allegations with respect to the fraud addition to tax, and moved to increase the section 6661(a) addition to tax from 10 percent to 25 percent for 1982, as to which petitioner also filed a reply again denying all of the affirmative allegations. After various motions were filed by both parties, which were disposed of by the Court and which are not pertinent here, respondent filed a motion to compel responses to interrogatories and for the production of documents which had been served on petitioner. Respondent's motion was granted, and petitioner was ordered to comply but was relieved from complying *307 so long as he was incarcerated. After he was released from prison, however, petitioner did not comply with the Court's order and ignored several letter requests by counsel for respondent for a conference. Respondent then filed a motion for sanctions based upon petitioner's failure to obey the Court's order, and his failure to meet with counsel. In the motion, respondent requested dismissal of the case as a sanction. That motion was calendared for hearing at Nashville, Tennessee. In a separate order, the parties were also ordered to meet and confer with the Court, at the same time, in a pretrial conference, also at Nashville, Tennessee. In the meantime, respondent served petitioner with additional interrogatories. These were also not answered by petitioner, and respondent filed another motion to compel responses to these interrogatories. At the Nashville hearing, at which the parties had been ordered to appear for a pretrial conference and for the hearing on the motion for sanctions, petitioner failed to appear. Respondent then filed a motion to dismiss for failure to properly prosecute. A notice of filing was served on petitioner, and he was advised to file a notice of objection *308 on or before a prescribed date. He neither filed an objection nor a response. The Court then issued an order with respect to respondent's motion for sanctions and the motion to dismiss for failure to properly prosecute by imposing the following sanctions on petitioner: (1) His reply to respondent's answer was stricken, and the affirmative allegations in respondent's answer were deemed admitted; (2) the reply to respondent's amended answer was stricken, and the affirmative allegations in the amended answer were deemed admitted; (3) the reply to respondent's requested admissions was stricken, and the requests were deemed admitted; and (4) petitioner was prohibited from presenting at trial any evidence in support of his case which was the subject of both sets of interrogatories propounded by respondent and respondent's request for production of documents. An order was subsequently issued calendaring this case for trial. In the order the parties were ordered to participate in a conference call with the Court several days prior to the trial to advise the Court of the status of the case. The Court received the call, as ordered, in which petitioner participated and informed the Court *309 that he would be present for the trial. Petitioner, however, failed to appear for the trial. As noted earlier, respondent presented no evidence and submitted the case based upon the record and the motion for summary judgment. The issues for decision are: (1) Whether petitioner is liable for the deficiencies in Federal income taxes for 1981 and 1982; (2) whether petitioner is liable for the addition to tax for fraud under section 6653(b) for 1981 and section 6653(b)(1) and (2) for 1982; and (3) whether petitioner is liable for the addition to tax under section 6661(a) for 1982. With respect to the deficiencies in Federal income taxes for 1981 and 1982 and the addition to tax under section 6661(a) for 1982, respondent's determinations are presumed correct, and the burden is on the taxpayer to prove that the determinations are incorrect. [2] Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). *310 Rule 121 provides that any party may move for summary judgment upon all or part of the legal issues in controversy. A motion for summary judgment will be granted where there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Rule 121(b); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Gulfstream Land & Development Corp. v. Commissioner, 71 T.C. 587, 596 (1979). The burden of proving that there is no genuine issue of material fact is on the moving party. Adickes v. S.H. Kress & Co., supra; Graf v. Commissioner, 80 T.C. 944, 946 (1983). In a motion for summary judgment, the presumptive correctness of respondent's determinations in the notice of deficiency will permit judgment in respondent's favor, without trial, unless the nonmoving party introduces evidence, in pleadings or otherwise, showing that there is a genuine issue of material fact. Abramo v. Commissioner, 78 T.C. 154, 163-164 (1982); see Parkinson v. Commissioner, 647 F.2d 875, 876 (9th Cir. 1981), *311 affg. per curiam T.C. Memo. 1979-319, which sustains this standard. Because petitioner introduced no evidence at the trial and hearing on the motion for summary judgment and failed to file any objection or other document with the Court within the time period allowed with respect to the motion for summary judgment, no genuine issue of material fact has been established with respect to the deficiencies in tax and the section 6661(a) addition to tax. The presumptive correctness of respondent's determinations with respect to the deficiencies in income taxes and the addition to tax under section 6661(a) as set out in the notice of deficiency are sufficient to sustain respondent on these issues. The deficiencies in income taxes for 1981 and 1982 and the addition to tax under section 6661(a) for 1982, as set out in the amended answer, therefore, are sustained. With respect to additions to tax under section 6653(b), respondent has the burden of proving by clear and convincing evidence (1) that there is an underpayment of tax each year and (2) that a part of the underpayment of tax each year is due to fraud with the intent to evade tax. Sec. 7454(a); Rule 142(b); *312 Grosshandler v. Commissioner, 75 T.C. 1, 19 (1980); Stratton v. Commissioner, 54 T.C. 255, 284 (1970), supplemented by 54 T.C. 1351 (1970). Respondent's burden of proof can be met by facts deemed admitted under Rule 37(c) or Rule 90(c). Cassidy v. Commissioner, 814 F.2d 477, 481-482 (7th Cir. 1987), affg. T.C. Memo. 1986-133; Marshall v. Commissioner, 85 T.C. 267, 272 (1985); Doncaster v. Commissioner, 77 T.C. 334, 337 (1981); Gilday v. Commissioner, 62 T.C. 260, 262-263 (1974). Respondent's burden is met if it is shown that the taxpayer intended to evade taxes known to be due and owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes, and that there is an underpayment of tax. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968); Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983); Acker v. Commissioner, 26 T.C. 107, 112 (1956). *313 To establish fraud, respondent here relies on facts deemed admitted under Rules 37(c) and 90(c), pursuant to this Court's order imposing sanctions on petitioner. Those facts are briefly summarized. Prior to issuance of the notice of deficiency, respondent made a jeopardy assessment against petitioner, pursuant to section 6861, for the deficiencies and additions to tax determined in the notice of deficiency. The underpayments in tax for 1981 and 1982 were due to income realized from the sale of narcotics and controlled substances, including cocaine, quaaludes, or marijuana, which petitioner failed to report on his Federal income tax returns. The specific facts constituting fraud are petitioner's failure to maintain adequate books and records of his transactions in illegal drugs; the failure to inform his tax return preparer of his illegal business activity; petitioner's dealing extensively in cash to avoid creating records from which his income could be determined; petitioner's entry of a plea of guilty in the United States District Court for the Middle District of Tennessee to violation of 21 U.S.C. section 846 (1988), through conspiracy with *314 others to distribute cocaine, methaqualone, and marijuana from January 1981 until June 1982; petitioner's contribution of $ 528,500 in capital to his wholly owned corporation between July 1, 1982 and June 30, 1983, when he reported only $ 9,450 in taxable income on his 1982 income tax return; and petitioner's declaration to an acquaintance that he had placed all his assets in his wife's name to avoid the Internal Revenue Service and that he, petitioner, would "go on the run for 5 years and not come back until the end of time". As a result of petitioner's guilty plea to the Federal conspiracy charge, petitioner is collaterally estopped from denying that he unlawfully engaged in the distribution of narcotics and controlled substances. Petitioner was also indicted by a Federal Grand Jury with violations of 26 U.S.C. section 7206(1) (1988) for filing false and fraudulent income tax returns for 1981 and 1982. Petitioner entered pleas of nolo contendere to these charges. The entry of a plea of nolo contendere is a mere statement of an unwillingness to contest the charge and, as such, is not evidence on the issue of fraud. Mickler v. Fahs, 243 F.2d 515 (5th Cir. 1957). *315 However, the transcript of petitioner's criminal plea hearing before the United States District Court for the Middle District of Tennessee shows that the court considered these pleas as guilty pleas. Petitioner, for purposes of the plea hearing, had the benefit of a tax attorney as well as a criminal defense attorney, both of whom appeared with petitioner at the plea hearing. Petitioner admitted at the hearing that he purchased and sold narcotics and other illegal drugs between January 1981 and June 1982 and estimated his gross receipts from such sales at $ 300,000. A special agent for the Internal Revenue Service testified that petitioner's gross receipts from narcotics sales totaled $ 339,065 and $ 244,800, respectively, in 1981 and 1982. Petitioner's 1981 and 1982 Federal income tax returns are in the record. The only gross income reported for these 2 years is $ 14,800 and $ 9,450, respectively, from gambling. No income was reported from his illegal drug activities. Petitioner's narcotics and drug activity net income was $ 167,700.57 in 1981 and $ 120,609.34 in 1982. These facts, as established through respondent's affirmative pleadings, admissions, and other evidence *316 presented to the Court, lead to the conclusion that fraud has been established by clear and convincing evidence. Petitioner earned income from an illegal drug activity which was not reported on his income tax returns, and that is evidence of fraud. See Bradford v. Commissioner, 796 F.2d 303, 308 (9th Cir. 1986), affg. T.C. Memo. 1984-601. Petitioner's realization of substantial unreported income is corroborated by his contribution of $ 528,500 in capital to a wholly owned corporation during 1982 and 1983, when petitioner reported only $ 9,450 taxable income on his 1982 return. His failure to report income for 2 years constitutes a pattern of evasion, which is evidence of fraud. See Holland v. United States, 348 U.S. 121, 137-138 (1954). A refusal to supply books and records to the Internal Revenue Service is a factor in finding fraud. Granat's Estate v. Commissioner, 298 F.2d 397 (2d Cir. 1962), affg. T.C. Memo. 1960-171. The fact that petitioner dealt extensively in cash is a further badge of fraud. See Davis v. Commissioner, 249 F.2d 69 (4th Cir. 1957), *317 affg. per curiam T.C. Memo. 1956-206. The fact that petitioner's conduct prior to issuance of the notice of deficiency motivated respondent to make a jeopardy assessment against him, coupled with petitioner's statements to acquaintances that he would "go on the run", and he had placed all of his assets in his wife's name to avoid the Internal Revenue Service, establish petitioner's attempts to conceal his assets, which is another badge of fraud. See Gunn v. Commissioner, 247 F.2d 359 (8th Cir. 1957), affg. in part and reversing in part T.C. Memo. 1956-24. The record, therefore, sustains a finding that petitioner's entire tax underpayments for 1981 and 1982 are due to fraud. Accordingly, respondent is sustained on the additions to tax under section 6653(b) for 1981 and section 6653(b)(1) and (2) for 1982. Respondent's motion for summary judgment will be granted. An order and decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. For 1981, the addition to tax is under sec. 6653(b).↩
2. 50 percent of the interest due on an underpayment of $ 53,102.49.↩
3. This addition to tax is based on 10 percent of the underpayment. In an amended answer, respondent increased the addition to $ 13,275.62, based on 25 percent of the underpayment, as provided under sec. 6661(a) for additions to tax assessed after Oct. 21, 1986.↩
2. In the amended answer, respondent increased the addition to tax under sec. 6661(a) from 10 percent to 25 percent. Because the amended answer does not raise a new matter, the burden of proving that he is not liable for the sec. 6661(a) addition to tax remains on petitioner. See Rule 142(a); Pallottini v. Commissioner, 90 T.C. 498↩ (1988).